**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SEPTEMBER DAVIS,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:18-cv-01093** |
| | § | |
| **UNITED HEALTH SERVICES,** | § | |
| **D/B/A MERIDELL ACHIEVEMENT** | § | |
| **CENTER** | § | |
| *Defendant*. | § | |

---

### DEFENDANT'S ORIGINAL ANSWER

---

Defendant Meridell Achievement Center, Inc. d/b/a Meridell Achievement Center ("Defendant" or "Meridell"), incorrectly sued as "UNITED HEALTH SERVICES, D/B/A MERIDELL ACHIEVEMENT CENTER," answers Plaintiff's *Complaint* as follows. Unless otherwise admitted, Meridell denies each and every material allegation contained in Plaintiff's *Complaint*.

### ANSWER

1.    Paragraph one of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and is simply a statement about the nature of this lawsuit. To the extent any response is required, Defendant denies the allegations contained in paragraph one of Plaintiff's *Complaint*.

2.    Defendant admits that Plaintiff was a female Registered Nurse during her employment with Defendant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph two of Plaintiff's *Complaint*; however, Defendant has no basis to challenge Plaintiff's allegations about her age or where she currently resides.

3. Defendant denies that it is a business corporation organized and existing under the law of the State of Pennsylvania. Meridell is a corporation in the State of Texas.

4. Defendant admits the allegations contained in paragraph four of Plaintiff's *Complaint*.

5. Defendant admits the allegations contained in paragraph five of Plaintiff's *Complaint*

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's *Complaint*

7. Defendant denies the allegations contained in paragraph 7 of Plaintiff's *Complaint*.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation contained in paragraph 8 of Plaintiff's *Complaint* that "Plaintiff observed blatant differential treatment by management" because only Plaintiff knows what she allegedly observed. Defendant denies the remaining allegations contained in paragraph 8 of Plaintiff's *Complaint*.

9. Defendant denies the allegations contained in paragraph 9 of Plaintiff's *Complaint*.

10. Defendant denies the allegations contained in paragraph 10 of Plaintiff's *Complaint*.

11. Defendant admits that, based on a review of security camera footage from the night of June 1, 2018, Plaintiff placed her head down on the desk in front of a computer for an extended period of time without performing required shift duties. Otherwise, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 11 of Plaintiff's *Complaint*.

12. Defendant admits: (1) that it contacted Plaintiff on June 12, 2018, to address its concerns with Plaintiff's falsification of round sheets, failure to properly supervise mental health technicians during her shifts, and violations of its Employee Code of Conduct and Work Rules; (2) that it agreed to discuss these issues with Plaintiff by telephone in lieu of having her personally appear at Defendant's facility; and (3) that it told Plaintiff she was terminated effective immediately.

Otherwise, Defendant denies the remaining allegations contained in paragraph 12 of Plaintiff's *Complaint*.

13.     Defendant denies the allegations contained in paragraph 13 of Plaintiff's *Complaint*.

14.     Defendant denies the allegations contained in paragraph 14 of Plaintiff's *Complaint*.

15.     Defendant denies that it is liable for age discrimination against Plaintiff under the Age Discrimination in Employment Act ("ADEA") or Texas Labor Code.

16.     Defendant denies that it is liable for retaliation against Plaintiff based on her age under the ADEA or Texas Labor Code.

17.     Defendant denies that it is liable for "sexuality" discrimination against Plaintiff under the ADEA or Texas Labor Code.

18.     Defendant denies that it is liable for retaliation against Plaintiff based on her sexuality or her "proactive defense of patients with sexuality issues" under the ADEA or Texas Labor Code.

19.     Defendant denies that it is liable for retaliation against Plaintiff under Tex. Health & Safety Code § 161.134.

20.     Defendant denies that Plaintiff is entitled to any damages, attorney's fees, or costs under the ADEA.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's *Complaint*.

22.     Defendant denies that Plaintiff is entitled to any damages whatsoever, whether compensatory in nature, attorney's fees, or costs.

23.     Paragraph 23 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply quotes language from the Texas Labor Code. To the extent any response is required, Defendant denies the allegations contained in paragraph 23 of Plaintiff's *Complaint*.

24.     Paragraph 24 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply quotes language from the Texas Labor Code. To the extent any response is required, Defendant denies the allegations contained in paragraph 24 of Plaintiff's *Complaint*.

25.     Paragraph 25 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and is simply a summary of provisions of the Texas Labor Code. To the extent any response is required, Defendant denies the allegations contained in paragraph 25 of Plaintiff's *Complaint*.

26.     Paragraph 26 of Plaintiff's *Complaint* does not require a substantive response because it contains no material allegations and simply quotes language from the Texas Labor Code. To the extent any response is required, Defendant denies the allegations contained in paragraph 26 of Plaintiff's *Complaint*.

27.     Defendant denies that Plaintiff is entitled to any relief, whether legal or equitable.

28.     Defendant denies that Plaintiff is entitled to any exemplary or punitive damages under Texas or Federal law.

29.     Paragraph 29 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations.

30.     Paragraph 30 of Plaintiff's *Complaint* does not require a substantive response because it contains no allegations. To the extent any response is required, Defendant denies that Plaintiff is entitled to the relief sought in paragraph 30 of her *Complaint*.

**AFFIRMATIVE DEFENSES**

1.      Meridell terminated Plaintiff's employment for legitimate, non-discriminatory reasons.

2.      In the alternative, while denying that any employment decision made regarding Plaintiff was motivated in any part by a prohibited or unlawful factor, Plaintiff is not entitled to any relief she seeks because any such employment decision made by Meridell would have been made irrespective of any prohibited or unlawful factor.

3.      Plaintiff's recovery, if any, is limited by her failure to mitigate damages, if any.

4.      Plaintiff's recovery, if any, is subject to the applicable damages cap under Federal and Texas law.

5.      Any claim for punitive damages is barred by Meridell's good faith efforts to comply with the applicable civil rights statutes.

6.      Plaintiff's retaliation claim brought under Tex. Health & Safety Code § 161.134 is barred by the applicable statute of limitations.  Although not conceding any such violation occurred, any violation that allegedly took place would have occurred no later than Plaintiff's termination on June 12, 2018.  Subsection (h) of Tex. Health & Safety Code § 161.134 provides that "[a] person who alleges a violation of Subsection (a) must sue under this section before the 180th day after the date the alleged violation occurred or was discovered by the employee through the use of reasonable diligence." Plaintiff's claim under Tex. Health & Safety Code § 161.134 is barred by the statute of limitations because her lawsuit was not filed until December 17, 2018—more than 180 days after her termination.

**CONCLUSION**

Meridell prays that Plaintiff take nothing by her claims, that judgment be entered in its favor, and that the Court awards any further relief that it determines Meridell is justly entitled to.

Respectfully submitted,


 */s/ Brent Sedge*
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**
**MERIDELL ACHIEVEMENT CENTER, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on January 8, 2019, ***via CM/ECF***, on the following:

John Judge
JUDGE, KOSTURA & PUTMAN, P.C.
The Commissioners House at Heritage Square
2901 Bee Caves Road, Suite L
Austin, Texas 78746

**ATTORNEYS FOR PLAINTIFF**

*/s/ Brent Sedge*
Brent Sedge